IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Troy Lee Kilgore,  )  Case No. 5:19-cv-02786-DCC
 )
        Petitioner,  )
 )
v.  )  **ORDER**
 )
Lavern Cohn,  )
 )
        Respondent.  )
_____ )

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On October 23, 2019, the Magistrate Judge issued a Report recommending that the Court dismiss the Petition without prejudice and without requiring Respondent to file a return because Petitioner has not exhausted his administrative remedies and pursuant to the *Younger*[1]

---

[1] In the absence of extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The *Younger* doctrine also applies to pending proceedings in the state court (e.g., pending applications for post-conviction relief) as they are still part of the "pending criminal case" as that terminology is understood under *Younger* and its progeny. *See, e.g., Howell v. Wilson*, No. 4:13-2812-JFA-TER, 2014 WL 1233703 (Mar. 25, 2014)

1

abstention. ECF No. 16. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's

---

(applying *Younger* to the plaintiff's request that the district court provide direction to state court judges as to the plaintiff's PCR, criminal, and/or DNA testing cases); *Smith v. Bravo*, No. 99 C 5077, 2000 WL 1051855, *5 (N.D. Ill. 2000) (presuming that *Younger* abstention would apply to civil case that could interfere with post-conviction proceedings).

recommendation; accordingly, the Petition is dismissed without prejudice and without requiring Respondent to file a return.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

November 18, 2019
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.